

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Bruce Hineman
Executive Secretary
Teacher Retirement System
  of Texas
1001 Trinity Street
Austin, Texas   78701

Opinion No.   JM-429

Re:  Whether section 35.4041, Title 110B, V.T.C.S., requires a school district to pay state retirement contributions on all compensation paid by the district and creditable with the retirement system

Dear Mr. Hineman:

You have requested an opinion on the following question:

> Does section 35.4041, Title 110B, V.T.C.S., require a school district to pay state retirement contributions for its employees entitled to a minimum salary under section 16.056 of the Education Code on all compensation paid by the school district and creditable with the retirement system even if some of that compensation is paid for additional work that is not within the duties of the position subject to the statutory minimum?

In order for a school district to receive financial support from the Foundation School Fund it must comply with certain requirements set by the legislature. One requirement is that the school district must pay certain school district employees at least the minimum salary established by the legislature. Educ. Code §16.056. Section 16.056 sets out minimum salaries based on job description and on the experience and qualification of the employee.

The legislature has used that minimum salary scale as the basis for limiting the state's obligation to contribute to the Teacher Retirement System. Each fiscal year the state is required to contribute to the Teacher Retirement System an amount equal to 8½ percent of the aggregate annual compensation of all members of the system during that fiscal year. V.T.C.S. Title 110B, Public Retirement Systems, §35.404(a) (1985 pamphlet). The provision you ask about, section 35.4041, puts a cap on the state's obligation to contribute on behalf of certain members:

> For members entitled to the minimum salary for certain school personnel under Section 16.056, Education Code, the employing district shall pay the state's contribution on the portion of the member's salary that exceeds the statutory minimum.

V.T.C.S. Title 110B, Public Retirement Systems, §35.4041(a) (1985 pamphlet).

Your question deals with the effect of that provision on the state's obligation to contribute to the retirement system on behalf of a school district employee who receives compensation from the school district for work for which the Education Code provides a minimum salary as well as for work that is not subject to the minimum salary scale. An example of such an employee would be a teacher who also works for the school district as a bus driver. Teachers are subject to the minimum salary provisions of the Education Code; bus drivers are not. See Educ. Code §16.056. Specifically, you ask whether a school district must pay an 8½ percent contribution to the retirement system for any compensation such an employee receives from the school district other than the minimum salary established for one of his jobs, even if the extra compensation is for work that is not part of the duties of the position subject to the minimum salary scale. We do not think that the legislature intended section 35.4041(a) of Title 110B to require school districts to pay the 8½ percent contribution under such circumstances.

Section 35.4041(a) requires a school district to pay the state's contribution for members entitled to a minimum salary "on the portion of the member's salary that exceeds the statutory minimum." We think that the most reasonable reading of that language is that a school district is only obligated to make the 8½ percent contribution for compensation an employee receives as compensation for a particular job that is in excess of the minimum salary set for that job. The state would remain obligated to make the 8½ percent contribution for compensation an employee receives for performing a wholly separate job.

The legislature enacted section 35.4041(a) as part of the education reform bill commonly known as "House Bill No. 72." Acts 1984, 68th Leg., 2d C.S., ch. 28, art. 2, §19, at 343. Although the Bill File to House Bill No. 72 in the Legislative Reference Library does not reveal the legislature's purpose in including the provision codified as section 35.4041(a) in that act, we think that at least one purpose of section 35.4041(a) was to prevent the state from using its resources to increase the gap between rich and poor school districts.

The inequality in the ability of school districts to finance themselves has received much attention in recent years.  See, e.g., San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973).  By limiting the state's obligation to pay contributions to the Teacher Retirement System on salaries above the statutory minimum, the legislature required school districts who can afford to pay higher salaries to bear the entire cost of compensating school district personnel more generously than state law requires.  One reason for concluding that a purpose of section 35.4041(a) was to promote equality in school district finances is that section 35.4041(a) is inapplicable to a school district if the district's tax rate is 125 percent or more of the statewide average tax rate.  V.T.C.S. Title 110B, Public Retirement Systems, §35.4041(h) (1985 pamphlet).  Thus, when a school district is able to pay high salaries because it imposes a high tax rate rather than because it enjoys a good tax base, the state will make contributions on the extra compensation.

Requiring school districts to make the $8\frac{1}{2}$ percent contribution on compensation paid to a teacher for moonlighting as a bus driver, however, would not further equality in school financing.  Rather, it would discourage school districts from hiring teachers to do supplemental work.[1]  We cannot imagine that this was the legislature's intent.

Both the language of section 35.4041(a) and the apparent purpose behind that section require us to construe that section as meaning that a school district must pay the state's contribution on compensation it pays an employee for a particular job that exceeds the minimum compensation set out for that job in section 16.056 of the Education Code.

## S U M M A R Y

Section 35.4041(a) of Title 110B, V.T.C.S.,
means that a school district must pay the state's

---

1.  For example, as long as bus drivers work at least 1/2 of a standard work load, they are members of the Teacher Retirement System.  See 16 T.A.C. 25.1, 25.2, 25.6.  The state contributes to the retirement system on behalf of all members.  V.T.C.S. Title 110B, Public Retirement Systems, §35.404 (1985 pamphlet).  If the school district were required to pay, in effect, a $8\frac{1}{2}$ percent surcharge for bus drivers who are also teachers, it would make economic sense for the school district to hire bus drivers on whose behalf the state would pay the $8\frac{1}{2}$ percent contribution.

contribution on compensation it pays an employee for a particular job that exceeds the minimum compensation set out for the job in section 16.056 of the Education Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General